**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1236-23

JASPER FRAZIER,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted September 24, 2025 – Decided October 28, 2025

Before Judges Paganelli and Jacobs.

On appeal from the New Jersey Department of Corrections.

Jasper Frazier, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Joseph D. Sams, Deputy Attorney General, on the brief).

PER CURIAM

Jasper Frazier appeals from the final agency decision of the New Jersey Department of Corrections (DOC), which upheld the imposition of disciplinary sanctions. Because Frazier fails to sustain his burden to establish DOC's action was arbitrary, capricious or unreasonable, and there was sufficient evidence in the record to uphold the disciplinary charge, we affirm.

We glean the facts and procedural history from the record. Frazier was an inmate in Eastern Jersey State Prison. He was charged with "*.005[,] threatening another with bodily harm or with any offense against his or her person or his or her property," N.J.A.C. 10A:4-4.1(a)(2)(ii). The charge stemmed from a report that a Civilian Technician felt threatened by Frazier. The technician stated Frazier was in the program center/law library to make a phone call but he did not have the proper paperwork to make the call. She reported that after advising Frazier of this deficiency, he "became agitated, began cursing, and told [her] that 'I'm going to get you.'" The technician took Frazier's actions "as a direct threat." She stated that "when [Frazier] says 'he will get me' [he] means he is planning something against me." Further, "she state[d] she d[id] not feel comfortable with . . . Frazier being in the law library without an officer."

Frazier asserted he "didn't say anything to [the technician] except that it was a legal call." He denied threatening the technician. The date of the initial

disciplinary hearing was postponed to allow Frazier time to attempt to obtain video of the incident and witness statements.

At the hearing, no video of the incident was presented. Frazier submitted two inmate statements. In one statement, the inmate stated they were "present when . . . Frazier had a[n] issue with [the technician], at no time did . . . Frazier threaten to harm [her] in any[]way." In the other statement, the inmate stated "I did not hear . . . Frazier physical[ly] threaten [her] with harm. Nevertheless, I cannot say what [would] make another person feel unsafe." Frazier did not confront or cross-examine witnesses. Frazier's counsel substitute argued Frazier denied making a threat. The hearing officer concluded Frazier was guilty and upheld the disciplinary charge.

Frazier appealed the hearing officer's decision. He alleged a "violation of [s]tandards" and that DOC "withheld video [and] witness statements." He stated the technician "made a legal call to [the] Supreme Court" but "then hung up [the] phone" and "accuse[d] me of not making a legal call." DOC upheld the hearing officer's decision. It found:

> There was compliance with Title 10A provision on inmate discipline which prescribe[s] procedural due process safeguard[s]. Fu[r]ther, there were no mis[in]terpretation of the facts. The decision of the Hearing Officer was based on substantial evidence. The sanctions imposed by the Hearing Officer is

3

appropriate for the infraction. [Frazier's] request for reduced or suspended sanction is denied. All sanctions are upheld.

On appeal, Frazier contends[1]:

I. [DOC] BREACH[ED] THE[I]R DUTIES TO [HIM] BY PROVIDING INADEQUATE LAW LIBRARY SERVICE UNDER INTERSTATE CORRECTION COM[P]ACT SERVICES BETWEEN INDIANA AND NEW JERSEY.

II. [TECHNICIAN] DENYING [HIM] ACCESS TO LEGAL CALLS TO [THE] SUPREME COURT AND ACCUS[ING] HIM OF NOT MAKING A LEGAL CALL, LAW LIBRARY WORKING WITH CUSTODYS TO CONFISCATE OUTGOING LEGAL DOCUMENTS.

III. [DOC] WITHH[ELD] EVIDENCE AND DENIED THE EVIDENCE OF VIDEO TO PROVE INNOC[]ENCE.

IV. [HE] WAS NEVER AFFORDED A[N] IMPARTIAL DECISI[O]NMAKER TOOK [DOC'S] SIDE[] AND N[E]VER DOCUMENT[ED] WITNESS

---

[1] Frazier raises many arguments concerning issues that extend beyond the disciplinary action on appeal. We decline to consider these issues. Appellate courts will normally not address issues that were not preserved before an agency. See State v. Robinson, 200 N.J. 1, 20 (2009) (explaining that "[i]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court . . . unless the questions . . . go to the jurisdiction of the trial court or concern matters of great public interest." (alteration in original) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))); see also ZRB, LLC v. N.J. Dep't of Env't Prot., 403 N.J. Super. 531, 536 n.1 (App. Div. 2008) (applying the principle in Robinson and Nieder to appeals from administrative agency orders).

SIGNATURE WHY THEY DECLINE[D] AND COUNTED [HIS] PRE[-]HEARING DAYS SPENT IN CONTROL CONFINEMENT OUT LOSS OF PRIVILEGE CELL.

"The scope of [our] review is limited." In re Herrmann, 192 N.J. 19, 27 (2007). Therefore, "[a]n administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Id. at 27-28. We consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Id. at 28 (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

"When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." Ibid. The "deferential standard applies to the review of disciplinary sanctions." Ibid. "The party challenging the administrative action bears the burden of demonstrating the agency has not made that showing." In

A-1236-23

re Young, 471 N.J. Super. 169, 177 (App. Div. 2022) (citing Lavezzi v. State, 219 N.J. 163, 171 (2014)).

"[I]nmates are afforded due process rights in disciplinary proceedings." Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018) (citing Avant v. Clifford, 67 N.J. 496, 525-33 (1975)). As relevant here, these rights include: "an impartial tribunal, consisting of . . . one" hearing officer; "the right to call witnesses and present documentary evidence, provided it is not 'unduly hazardous to institutional safety or correctional goals'"; and "the right to confront and cross-examine adverse witnesses." Ibid. (quoting Avant, 67 N.J. at 525-33); see also N.J.A.C. 10A:4-9.8, -9.13(a), -9.14(a).

We understand Frazier's arguments regarding the disciplinary proceeding to include that: (1) he was denied an impartial decisionmaker; (2) DOC withheld video of his interaction with the technician; and (3) there was no explanation for why witnesses declined to provide statements or were not permitted to provide statements on his behalf. In addition, Frazier argues there was insufficient evidence in the record to uphold the disciplinary charge. We conclude there is no merit to these arguments.

Frazier's contention that the hearing officer was not impartial lacks any detail. Nevertheless, we note "[a]n impartial hearing tribunal need not be

6

'neutral and detached' or disassociated from the administrative process as such in order to achieve procedural fairness and impartiality." Negron v. N.J. Dep't of Corr., 220 N.J. Super. 425, 430 (App. Div. 1987) (quoting Morrissey v. Brewer, 408 U.S. 471 (1972)). Frazier fails to sustain his burden concerning the impartiality of the hearing officer.

With respect to video evidence, Frazier contends both that no cameras were present in the law library and that DOC withheld the relevant video footage. Certainly, video evidence could be relevant in a disciplinary proceeding. In its brief, DOC states a postponement was granted "to allow Frazier to . . . determine if a video recording of the [incident] existed." Nevertheless, DOC states that no video recording exists. Therefore, because there was no video of the interaction, Frazier does not sustain his burden on this issue.

In addition, there is no evidence to suggest DOC prohibited Frazier from calling witnesses on his behalf. DOC maintains "Frazier had the opportunity to present witnesses at the hearing, but declined." Nevertheless, the hearing officer considered the written inmate statements produced on Frazier's behalf. Thus, Frazier does not sustain his burden in this respect.

A-1236-23

As to the ultimate merits, the record contains the statement of the technician, which provides sufficient evidence to sustain the disciplinary charge.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division